IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CR-365-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| FELIPE HURTADO, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Criminal Investigation Division of the Internal Revenue Service. Defendant presented the testimony of the proposed third-party custodian, a friend of his. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible evidence and argument presented, and based on the findings and reasons stated in open court and below, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required if he is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a 28-count indictment on 2 December 2015 with the following offenses arising from his cashing and thereby obtaining the proceeds of tax refund checks issued for fraudulent tax returns: conspiracy to steal or purloin public money beginning no later than September 2010 to on or about April 2012 in violation of 18 U.S.C. § 371 (ct. 1); theft of public money, and aiding and abetting the same, on 20 December 2010 to 31 October 2011 in violation of 18 U.S.C. § 641 (cts. 2–26); and aggravated identity theft, and aiding and abetting the same,

on 20 December 2010 in violation 18 U.S.C. §§ 1028A(a)(1) and (c)(1) and 2 (cts. 27–28). The amount of the checks cashed exceeded $700,000. Defendant used an alias while carrying out the scheme. The two co-conspirators who operated check-cashing businesses and cashed the checks for defendant have agreed to testify against him.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the fraud-related nature of the offenses charged; the circumstances of the offenses charged, including the substantial amount of proceeds defendant obtained, the duration of the scheme, and the potential sentence defendant faces if convicted; defendant's lack of substantial ties to this district or seemingly any other location in the United States in view of his frequent moves; defendant's ties to the Dominican Republic, where he resided until age 30 (he is presently 63) and his wife lives; his frequent travel to the Dominican Republic; his relatively advanced age; the unsuitability of the proposed third-party custodial arrangement due to the extent of the risk of flight presented by defendant and the apparent absence of a close relationship between defendant and the proposed custodian; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as his lack of a criminal record. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in

custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This 11th day of March 2016.

James E. Gates
United States Magistrate Judge